## AMANDA BAUR v. ROBERT BAUR.

(155 N. W. 792.)

**Divorce — action for — trial de novo — desertion — children — alimony — property — division of — application for order — allowance — ability to pay — affidavits — showing — relief.**

Action for divorce. Trial *de novo*. Divorce was granted to the husband for desertion, but the children—four girls aged from six to nine years—were given to the mother, and the father ordered to pay $10 per month for their support. All of the property was awarded to the father. Application was made to the trial court to increase the allowance and for a division of the property. This application was denied by the trial court. Said application was based upon affidavits showing that the sum of $10 per month was inadequate for the family needs, but no showing was made that the father was able to contribute a larger allowance. This court, therefore, is unable to grant any relief.

Opinion filed December 6, 1915.

Appeal from the District Court of Renville County, *Leighton, J.* Affirmed.

Opinion of the court by BURKE, J.

*Grace & Bryans,* plaintiff and appellant.

*C. O. Lee* and *Greenleaf, Bradford, & Nash,* for defendant and respondent.

BURKE, J.   Plaintiff brought an action for divorce against defendant, her husband, in October, 1913.   Findings of fact and conclusions of law were made to the following general effect:   That plaintiff and defendant married in Iowa in 1901; that plaintiff, the wife, was a citizen of the United States and a resident of the state of Missouri for more than a year prior to the commencement of this action, and was, therefore, not a resident in good faith of the state of North Dakota for one year next preceding the date of the commencement of said action; that the defendant is a citizen of North Dakota and of the United States and was such at the time his bill for divorce was filed; that plaintiff, the wife, had treated the defendant in an extremely cruel and inhuman manner; that she was a woman of ungovernable temper, addicted to the use of vile and obscene language; that during the marriage she used indecent and profane language towards the defendant in the presence of the children and in the presence of others; that she had written indecent letters to defendant; had constantly and wrongfully accused him of infidelity, and that said conduct, with similar other acts mentioned, had caused defendant mental worry and physical injury; that by reason of such conduct defendant's health was greatly undermined, and that during all of said times defendant had conducted himself in a proper manner.   For this conduct the defendant was granted a divorce. It was further held that there were born as the issue of said marriage, four girls, one aged six, twins aged eight, and one aged nine.   It was further found that the defendant had filed upon and received title to a quarter section of land in Renville county; that defendant had made and executed a quitclaim deed to said premises in favor of his wife to be used by her in case of his death and in lieu of a will.   It was further found that the wife had wrongfully deserted the husband, and such desertion constituted an additional ground for divorce.   There is no finding as to the value of the said real estate nor encumbrances against the same,

nor of the wealth of either of the parties. It is further found that, owing to the youth of the children, the mother was the proper person to have their care, and the father was ordered to pay the sum of $10 a month towards their support for a period of seven years, after which time the father was to pay the sum of $7 per month for a period of five years. Judgment was entered upon this order, served and filed upon the 14th of April, 1914. This order was evidently based upon § 4405, Comp. Laws 1913, which reads as follows: "When divorce is granted, the court shall make such equitable distribution of the property of the parties thereto as may seem just and proper and may compel either of such parties to provide for the maintenance of the children of the marriage and make such suitable allowance to the other party for support during life or for a shorter period as to the court may seem just, having regard to the circumstances of the parties respectively; and the court may from time to time modify its orders in these respects." Late in June, 1914, application was made to the trial court to amend said judgment and allow to the plaintiff additional alimony and one half of all the property owned by the parties at the time of the entry of said decree; for alimony and attorneys' fees, and that the said defendant be restrained from alienating, encumbering, or selling the property during the minority of the children. Such application was based upon the affidavit of Mrs. Baur, stating that she had no property except some few personal effects and a little money given to her by her mother. That the only other means she had to support herself and children was by her own work and labor, and that owing to the tender age of said children it was difficult for her to secure any kind of work. She makes no showing as to the actual expenses of maintaining the children, nor of the earning capacity of her husband. Supplemental to her affidavit is one by her attorney, in which he states that the homestead in question was worth the sum of $4,000, and that the cattle, horses, machinery, and other personal property owned by defendant aggregated the sum of $800. That defendant had certain interest in his father's estate valued at $500, and that he was an able-bodied man; no mention, however, is made of his debts nor net worth or income. There is another affidavit by one Trowl, merely stating that Mrs. Baur had no property of her own sufficient to support herself and four children, and that $10 a month was insufficient for that purpose.

After a hearing upon the merits the trial court denied the application for alimony and a division of the property, but did allow the restraining order. Instead of making a separate order to this effect, an amended judgment was filed reiterating those things held in the former judgment, denying the prayer of the plaintiff for the relief sought, but allowing the injunction. This appeal is from such order and amended judgment. The evidence adduced at the trial of the divorce case is not before us, and there is no showing excepting that contained in the three affidavits which we have mentioned. They fall far short of convincing us that the trial court was in error. While $10 a month is clearly inadequate for the support of the four children, and the same should be increased if the father's means justify it, still upon the showing made we cannot say that the father is able to contribute more. The trial court heard the evidence in the main case, saw the parties, and is in a much better position to judge of this matter than are the members of this court. For anything that appears upon this showing, said farm may be encumbered heavily and the immediate means of the father required in saving the property. Section 4405, Comp. Laws 1913, vests large discretion in the trial court, which should only be reversed for abuse. Said section contemplates that in certain cases the mother should be required to contribute to the support of the children, and in case of sickness even to the support of the husband. The section further provides for a new hearing when any change in the circumstances necessitates a modification of the decree. Possibly upon a further showing plaintiff can obtain a further allowance, but we are unable from the information before us to grant the same. The order of the trial court is affirmed.